The opinion of the court was delivered by
Tilghman C. J.
The habeas corpus in this case was issued on the affidavit of Abraham Pollinger, under the act of assembly of the 18th February, 1785. It appears by the re *356 turn, that Jonas Roop was enlisted as a soldier, in the army of the United States. At the time of his enlistment he was a minor, above the age of eighteen years, and bound by an indenture of apprenticeship to Abraham Pollinger. But it was not at his request, nor by his desire, that the habeas corpus was issued. On the contrary, he is well satisfied with his situation, and wishes to remain in the army. The object of the act of assembly, was to secure personal liberty, not to decide disputes concerning property. The court, u after “ examining into the facts relating to the case, and into the “ cause of the confinement or restraint, is to bail, remand, or “ discharge the party, as to justice shall appertain.” Now here we can neither bail, remand, nor discharge, because there is neither confinement nor restraint. The party wishes to remain where he is. In short, it is a mere dispute between the officer and the master, who claims a right to the service of his apprentice. The case therefore is not within the provision of the act of assembly. But a habeas corpus may be issued at common law, under which courts have gone so far, as to deliver the body of an infant to his parent, and sometimes an apprentice to his master. It is discretionary, however, whether to proceed to that length or not. In a case like the present there is no occasion for a summary proceeding, because the master has his remedy by action, against the person who takes away his apprentice. But there are strong-reasons against proceeding in any other manner than by action. It is understood that the validity of an act of congress is to be brought into question. The subject is worthy of the most solemn discussion and mature deliberation. And above all, it is desirable that it should be brought on in such a form, as will admit of a removal to the Supreme Court of the United States, the tribunal in the last resort, for deciding all questions arising, out of the constitution or laws of the United States. This court therefore would not have thought it expedient to interfere, in a case where personal liberty is not concerned, even if the habeas corpus had been issued at common law. Having considered the facts in this case, Jonas Roop is permitted to remain in his present situation, because he desires it.